**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENEE HIRTZEL,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   21-35313

D.C. No. 3:20-cv-05485-MLP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted June 7, 2022
Portland, Oregon

Before:  EBEL,** W. FLETCHER, and CLIFTON, Circuit Judges.

Claimant Renee Hirtzel challenges the district court's ruling affirming the

Commissioner of Social Security's denial of her application for disability benefits.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David M. Ebel, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

The Administrative Law Judge ("ALJ") denied Hirtzel benefits after determining that she suffered from several severe mental and physical impairments, but nonetheless had the residual functional capacity ("RFC") to perform light work and was "not disabled" for the purposes of her application.

Hirtzel claims that the ALJ erroneously discounted certain evidence presented during her benefits hearing, namely (1) Hirtzel's subjective complaints that her mental impairments prevent her from performing light work and (2) the opinions of health care providers who said Hirtzel could not work.[1] We review de novo the district court's decision to uphold the Commissioner's denial of benefits, but will reverse the denial "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order.

1. At her 2020 benefits hearing, Hirtzel testified that her mental impairments make her angry and emotional, prevent her from concentrating and finishing any tasks, and inhibit her from being around other people or getting along with them.

---

[1] Hirtzel initially raised a constitutional argument to this Court as well, but conceded that this claim was untimely because she failed to raise it before the district court. We find the argument forfeited and do not consider its merits. See Ford v. Saul, 950 F.3d 1141, 1158 n.12 (9th Cir. 2020).

She also stated that she was diagnosed with a psychotic disorder because she "feel[s] and see[s] spirits."

Taking this testimony and the entire record into consideration, the ALJ concluded that Hirtzel's "severe medically determinable impairments could reasonably be expected to cause some of [Hirtzel's] alleged symptoms," but that her testimony regarding the effects of the symptoms were inconsistent with other evidence that showed she was "more than capable of sustaining work activity consistent with the residual functional capacity despite her impairments."  In other words, the ALJ did not fully credit Hirtzel's subjective assertions that her mental impairments were debilitating.

Substantial evidence supports the ALJ's conclusion, as the ALJ fulfilled her obligation to provide "specific, clear and convincing reasons" for discounting Hirtzel's subjective complaints.  Id. at 1112 (quoting Garrison v. Colvin, 759 F.3d 995, 1014–15 (9th Cir. 2014)).  The ALJ identified specific evidence in the record that contradicted or failed to support Hirtzel's testimony.  For instance, the ALJ noted that Hirtzel's health care providers generally recorded her demeanor during examinations as normal and cooperative, indicating she could tolerate at least some social interaction; that Hirtzel failed consistently to seek treatment for her mental impairments, and that Hirtzel made inconsistent statements about her symptoms throughout the record, including affirmative denials of having any hallucinations.

3

These reasons, suffice as substantial evidence to support discounting Hirtzel's subjective complaints.

2. Additionally, Hirtzel challenges the ALJ's decision to accord only partial weight to five of the medical opinions offered by Hirtzel, which she argues demonstrate that her mental impairments are so debilitating as to prevent her from performing even light work. These opinions included a January 2015 report from nurse practitioner Kathleen Henry; a February 2015 report from Dr. Peter Weiss; and three evaluations by Dr. Kimberly Wheeler—one in May 2017, one in June 2018, and one in July 2019.

Dr. Weiss and Dr. Wheeler are doctors who examined Hirtzel but did not provide any treatment, so the ALJ could only reject their opinions "by providing specific and legitimate reasons that are supported by substantial evidence"—that is, by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citations omitted). As to Nurse Henry's opinion, which is from a source other than an examining doctor, the ALJ was merely required to give "reasons germane" to the opinion in order to discount it. Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016) (citation omitted).

Here, the ALJ analyzed each of the five opinions in detail and provided specific legitimate reasons for giving each opinion little or partial weight. The

4

ALJ emphasized, in particular, that all five opinions were based primarily or exclusively on Hirtzel's subjective complaints, which were exaggerated or inconsistent with many of her stated activities, such as shopping and traveling out of state on at least one occasion. These inconsistencies, along with those noted by the ALJ in properly discounting Hirtzel's subjective complaints discussed above, could not have been known to Drs. Weiss and Wheeler, who did not review Hirtzel's medical history beyond the five opinions at issue here. The ALJ, in contrast, had the opportunity to compare Hirtzel's subjective complaints to the entire record, including reports from other health care providers, which indicated her mental impairments were "severe" but not completely debilitating. The overall record thus represents substantial evidence supporting the ALJ's given reasons for discounting the five opinions of Nurse Henry, Dr. Weiss, and Dr. Wheeler.

**AFFIRMED.**